IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 3:06-cr-510–HEH |
| | ) |
| RODNEY CURTIS HAMRICK, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**
**(Denying 28 U.S.C. § 2255 Motion)**

Rodney Curtis Hamrick ("Hamrick"), a federal inmate proceeding *pro se*, filed this 28 U.S.C. § 2255 Motion ("§ 2255 Motion," ECF No. 10)[1] arguing that his conviction pursuant to 18 U.S.C. § 924(c)(1)(A) and (c)(2) and resulting life sentence are invalid under *United States v. Davis*, 139 S. Ct. 2319 (2019) and its progeny. For the reasons discussed below, the § 2255 Motion will be denied.

I. **PROCEDURAL HISTORY**

On December 16, 2006, a grand jury charged Hamrick in a seven-count Indictment stemming from his conduct of mailing potentially dangerous materials to the Clerk of the United States Court of Appeals for the Fourth Circuit on two separate occasions. He first mailed a bomb, and later mailed an envelope filled with white powder labeled as "Anthrax." Hamrick was charged with: attempted murder of an employee of the United States, in violation of 18 U.S.C. § 1114 and 2 (Count One); assault with a deadly weapon on a United States employee, in violation of 18 U.S.C. § 111(a)(1) and (b) (Count Two);

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system.

mailing non-mailable matter—explosive materials, in violation of 18 U.S.C. § 1716(a) and (j)(2) (Count Three); attempt to maliciously damage with explosives, in violation of 18 U.S.C. § 844(f)(1) (Count Four); use of a destructive device in an attempted crime of violence—second or subsequent offense, in violation of 18 U.S.C. § 924(c)(1)(A) and (C)(ii) (Count Five); mailing a threatening communication, in violation of 18 U.S.C. § 876(c) (Count Six); and false information and hoax, in violation of 18 U.S.C. § 1038(a)(1)(A) and 1038(c) (Count Seven). (ECF No. 18-1 at 1–5.) Specifically, and as relevant here, Count Five stated that the predicate offenses were "as charged in Counts One through Four of this indictment." (*Id.* at 4.)

On March 15, 2007, Hamrick pled guilty to Count Five. (ECF No. 18-2 at 1.) The Plea Agreement stated as follows:

> The defendant agrees to plead guilty to Count Five of the indictment charging the defendant with Use of a Destructive Device in an Attempted Crime of Violence after having been previously convicted of the same offense, in violation of Title 18, United States Code, Section 924(c)(1)(a)(C)(ii). The maximum penalties for this offense are a mandatory term of life imprisonment . . . .

(*Id.* ¶ 1.) Hamrick agreed that the following facts supporting this conviction were true and correct and proved his guilt beyond a reasonable doubt:

> 1. That the defendant, herein, RODNEY CURTIS HAMRICK, is the same person who was convicted in the United States District Court for the Northern District of West Virginia, Case No. 91-56, in or about January 1992 of the crime of the use of a destructive device in a crime of violence in violation of Title 18, United States Code, Section 924(c), as evidenced by Exhibit 1 attached.
> 2. That in or about October 2005, the defendant, while incarcerated as an inmate at the United States Prison ("USP") in Leavenworth, Kansas, compiled, gathered and obtained the necessary ingredients to assemble, and did thereafter assemble, an improvised explosive device ("device").

3. That the device was constructed utilizing a three-inch diameter circular metal container; an improvised ignitor fashioned from an automotive festoon-style lightbulb; three "AA" size batteries; several lengths of electrical wire; an explosive consisting of a mixture of match heads; sodium chlorate, and charcoal. Numerous nails and shrapnel were placed in the can, with the can lid scored and wrapped in duct tape. An electrical switch was constructed using a small cardboard envelope, several staples as contacts and a cardboard insulator. See Exhibit 2 attached.

4. On or about October 19, 2005, the defendant placed the improvised explosive device in a manila envelope addressed for delivery by the United States Postal Service to be mailed to Patricia S. Connor, the Clerk of the United States Court of Appeals for the Fourth Circuit, 1100 East Main Street, Richmond, Virginia. See Exhibit 3 attached.

5. Thereafter the defendant placed the envelope containing the improvised explosive device in the legal mail depository at USP Leavenworth for delivery.

6. On or about October 24, 2005, the envelope containing the improvised explosive device was discovered by Richmond Federal Court Security Officers ("CSOs") who x-ray incoming mail. After CSOs identified the contents of the envelope, the Richmond Police Department Bomb Squad was notified. See Exhibit 4 attached.

7. The members of the Richmond Bo[mb] [sic] Squad used a water cannon to defuse the improvised explosive device. Thereafter, the device and its component parts were sent to the Forensic Laboratory for the Bureau of Alcohol, Tobacco and Firearms ("ATF["] [sic]) for analysis.

8. That upon receipt of the device by the Forensic Laboratory of ATF, Katherine M. Boyle, a Forensic Chemist, reviewed the item found, analyzed the construction of the device and issued her report. Upon review of the documents and report of Ms. Boyle, John A. Winslow, an expert in the field of identification and classification of improvised explosives concluded in his expert opinion that the device was a functional explosive bomb and as such, classified as a "destructive device" as that term is defined in Title 26, U.S.C. Section 5845(f). His report is attached as Exhibit 5.

9. That on or about October 26, 2005, the defendant, RODNEY CURTIS HAMRICK, was interviewed by Postal Inspector Jason Lewis and others at USP Leavenworth. The defendant was orally advised of his *Miranda* rights and gave a complete confession. See Exhibit 6. In that statement, HAMRICK described how he constructed the device, that he sent it to the courthouse, and that he had previously received 52 years for sending a hoax device. HAMRICK claimed that the device was functional and that when opened, it would have maimed someone, but that the only way the device would have been lethal is if one of the nails went through that individual's eye.

3

>    10. Following the defendant's oral statement, HAMRICK composed a written statement acknowledging his guilt and the reasons for his acts. See Exhibit 7.
>    11. On or about October 27, 2005, a letter addressed to Pat S. Connor, Clerk, Fourth Circuit Court of Appeals, 501 Lewis F. Powell Jr. United States Courthouse, 1100 East Main Street, Richmond, Virginia, was received at the foregoing address through the United States Postal Service mail.
>    12. Found inside this letter was a plastic baggie containing an off-white powder substance labeled "anthrax Lab No. 15667." Enclosed therein was a typewritten letter, purportedly composed by RODNEY HAMRICK, and a photocopy of a USP Leavenworth high accountability movement pass #012 in the name of RODNEY HAMRICK bearing his inmate #01192-087, and reflecting a picture of the defendant. See Exhibits 8 and 9.
>    13. Subsequent analysis of the substance found in this letter indicated that it was talcum powder.
>    14. The defendant, RODNEY CURTIS HAMRICK, committed the acts described herein unlawfully and knowingly, and without legal justification or excuse with the specific intent to do that which the law forbids, and not by mistake, accident or any other reason.

(ECF No. 18-3 at 1–4.) Hamrick waived the preparation of a presentence investigation report, and on the same day as he entered his guilty plea, the Court sentenced him to life imprisonment. (*See* ECF Nos. 6, 8.) Hamrick did not appeal or file any collateral challenge to his conviction or sentence.

On November 7, 2019, Hamrick filed the § 2255 Motion that is before the Court. Hamrick argues that his conviction for Count Five is based on "a statute that is unconstitutionally vague" (ECF No. 10 at 3), and must be vacated in light of *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019) and its progeny because the underlying predicates, Counts One through Four, are no longer valid predicate crimes of violence. (*See id.* at 4.) In response, the Government argues that Hamrick's challenge is

procedurally defaulted, that he waived the right to challenge his conviction by his validly entered guilty plea, and that the four predicate crimes of violence remain valid.[2]

## II. ANALYSIS

In *Johnson v. United States*, 576 U.S. 591 (2015), the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [("ACCA")] violates the Constitution's guarantee of due process." *Id.* at 606.[3] The *Johnson* Court concluded that the way the Residual Clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), defined "violent felony" was unconstitutionally vague because the clause encompassed "conduct that presents a serious potential risk of physical injury to another," which defied clear definition. *Id.* at 596–97 (citation omitted). Subsequently, in *Welch v. United States*, 578 U.S. 120 (2016), the Supreme Court held that "*Johnson*

---

[2] The Court recognizes that Hamrick may have procedurally defaulted his claim. To excuse his default, Hamrick must show cause for the default and resulting prejudice or his actual innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citation omitted). Here, Hamrick is unable to show prejudice because at least one predicate crime still supports his conviction for Count Five. *See United States v. Green*, 67 F.4th 657, 668–69 (4th Cir. 2023). However, for the sake of judicial efficiency and economy, and because his underlying claim lacks merit, the Court turns to the merits of Hamrick's claim instead of addressing the Government's procedural arguments.

[3] The ACCA provides that:

> [i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1). Under the Residual Clause, the term violent felony had been "defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'" *Johnson*, 576 U.S. at 593 (quoting 18 U.S.C. § 924(e)(2)(B)).

5

announced a substantive rule [of law] that has retroactive effect in cases on collateral review." *Id.* at 135.

In his § 2255 Motion, Hamrick asserts that after the Supreme Court decided *Johnson* and the subsequent case, *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), the four predicate offenses underlying his § 924(c) conviction can no longer qualify as crimes of violence under 18 U.S.C. § 924(c)(3). Therefore, he maintains that his conviction for Count Five must be vacated. However, as discussed below, at least one of the predicate offenses underlying Hamrick's § 924(c) conviction remains a valid crime of violence under the Force Clause of § 924(c)(3).

### A. Applicable Law

Section 924(c)(1)(A) of Title 18 of the United States Code provides for consecutive periods of imprisonment when a defendant uses or carries a firearm in furtherance of a crime of violence. The baseline additional period of imprisonment is five years. 18 U.S.C. § 924(c)(1)(A)(i). If the defendant brandishes the firearm, the additional period of imprisonment increases to at least seven years. *Id.* § 924(c)(1)(A)(ii). And, if the defendant discharges the firearm, the additional period of imprisonment increases to at least ten years. *Id.* § 924(c)(1)(A)(iii).

At the time of Hamrick's convictions, the United States could demonstrate that an underlying offense constitutes a crime of violence if it established that the offense is a felony and satisfies one of two requirements. Namely, the statute defined a crime of violence as any felony:

(A) [that] has as an element the use, attempted use, or threatened use of

6

> physical force against the person or property of another [(the "Force Clause")], or
> **(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [(the "Residual Clause")].

*Id.* § 924(c)(3). In 2019, the Supreme Court invalidated the Residual Clause. *Davis*, 139 S. Ct. at 2336 (holding that "§ 924(c)(3)(B) is unconstitutionally vague").

Hamrick asserts that his conviction and sentence for Count Five are unlawful in light of *Johnson*, *Davis*, and their progeny. However, that claim lacks merit. Relevant here with respect to Count Five, Hamrick was convicted of:

> having been previously convicted of a violation of Title 18, United States Code, Section 924(c) in the United States District Court for the Northern District of West Virginia (Docket No. 91CR056, Judgment entered January 28, 1992), during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, as charged in Counts One through Four of this indictment, did knowingly and unlawfully use an explosive device, commonly known as a bomb, said device constituting a destructive device within the meaning of Title 18, United States Code, Section 921(a)(4), in violation of 18 U.S.C. § 924(c)(1)(A) and (C)(ii).

(ECF No. 18-1 at 4.) Hamrick's conviction was clearly predicated on the following four crimes of violence: (1) attempted murder of a United States employee; (2) assault with a deadly weapon on a United States employee (Count Two); (3) mailing non-mailable matter—explosive materials with intent to kill or injure another or property; and (4) attempted malicious damage with explosives. (*See id.* at 1–4.) Hamrick contends that after *Johnson*, none of these offenses qualify as a crime of violence under 18 U.S.C. § 924(c)(3), and thus, his conviction for Count Five must be vacated because it lacks a valid predicate offense. Hamrick is incorrect.

7

**B.     Count Two Remains a Valid Predicate Crime of Violence for the § 924(c) Charge in Count Five**

Count One charged Hamrick with attempted murder of a federal officer, in violation of 18 U.S.C. § 1114. Similarly, Count Four charged Hamrick with attempted malicious damage with explosives, in violation of § 844(f). The Fourth Circuit has recently cast doubt on any reliance on *attempted* offenses as predicate crimes of violence for § 924(c). *See United States v. Taylor*, 979 F.3d 203, 205 (4th Cir. 2020) (explaining that because "the elements of attempted Hobbs Act robbery do not invariably require 'the use, attempted use, or threatened use of physical force,' the offense does not qualify as a 'crime of violence' under § 924(c)"), *aff'd* 142 S. Ct. 2015 (2022). For this and other reasons, it is questionable whether attempted murder of a federal officer or attempted malicious damage with explosives to real property, as alleged in Counts One and Four, are valid predicate crimes of violence for § 924(c) under the current state of the law in the Fourth Circuit. *See, e.g., United States v. Davis*, 53 F.4th 168, 172 (4th Cir. 2022) (explaining that prior version of the § 844(f) statute that included land merely "used by" the federal government was not a valid crime of violence).

With respect to Count Three, at least one court in this circuit has determined that mailing non-mailable matter—explosive materials, in violation of 18 U.S.C. § 1716(a) is not a valid predicate crime of violence. *See Bullis v. United States*, No. 5:95-CR-142-FL-1, 5:16-CV-628-FL, --- F. Supp. 3d ----, 2022 WL429132 (E.D.N.C. Sept. 16, 2022) ("Section 1716 therefore does not have as an element the use, attempted use, or threatened use of physical force."). Therefore, it is debatable whether Count Three

8

remains a valid predicate for Hamrick's conviction.

Nevertheless, the Court need not decide here whether Counts One, Three, or Four are valid predicates for Hamrick's § 924(c) conviction. This is because, as discussed below, assaulting a federal officer by use of deadly or dangerous weapon or by infliction of bodily injury, in violation of 18 U.S.C. § 111(a) and (b), as alleged in Count Two, remains a qualifying crime of violence under the Force Clause. *See United States v. Crawley*, 2 F.4th 257, 262–63 (4th Cir. 2021) (reaffirming *United States v. Hare*, 820 F.3d 93 (4th Cir. 2016) and holding that "a § 924(c) conviction based on one valid and one invalid predicate offense remains sound following *Johnson* and its progeny, and we extend that holding to cases in which the defendant pleads guilty to a § 924(c) offense expressly based on the valid and invalid predicate"); *cf. Hare*, 820 F.3d at 105–06 (explaining that "the court need not reach the merits of this argument . . . [because]" a § 924(c) conviction predicated on *both* conspiracy to commit Hobbs Act robbery and in furtherance of a drug trafficking crime is not affected by *Johnson*).

At the time of Hamrick's offense, 18 U.S.C. § 111 provided, in relevant part, that:

> **(a) In general.**—Whoever—
> (1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with [a qualifying federal official in specified circumstances] . . .
>    . . . .
> shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and in all other cases, be fined under this title or imprisoned not more than 8 years, or both.
>
> **(b) Enhanced penalty.**—
> Whoever, in the commission of any acts described in subsection (a), uses a deadly or dangerous weapon (including a weapon intended to cause death or danger but that fails to do so by reason of a defective

9

> component) or inflicts bodily injury, shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 111(a)–(b) (West 2005).

Hamrick was clearly charged in the Indictment with both 18 U.S.C. § 111(a) and (b) because he "did forcibly assault, resist, oppose, impede, intimidate, and interfere with" Fourth Circuit staff "knowingly and by use of a deadly and dangerous weapon." (ECF No. 18-1 at 2.) Hamrick does not dispute that he was charged with the enhanced penalty section of § 111(b) because he used a dangerous weapon in the commission of that offense.

> Here, the Court need not reinvent the wheel. Multiple courts in this district have held, and the Fourth Circuit more recently has strongly suggested, that assault on a federal officer with a dangerous weapon in violation of 18 U.S.C. § 111(a)(1) and (b) qualifies as a crime of violence under the force clause.

*Assaye v. United States*, No. 1:17-cv-1385 (LMB), Crim. No. 1:15-cr-115 (LMB), 2020 WL 2950361, at *13 (E.D. Va. June 3, 2020) (citations omitted); *see United States v. Campos*, No 2:03CR32, 2022 WL 130976, at *5 (E.D. Va. Jan. 13, 2022) (finding § 111(b) to be a crime of violence).[4] In addition, at least nine circuit courts have also

---

[4] In *United States v. Bryant*, 949 F.3d 168 (4th Cir. 2020), the Fourth Circuit explained that, in the context of a similar statute pertaining to assault on a postal employee by use of dangerous weapon, *see* 18 U.S.C. § 2114(a), "[b]ecause assault requires at least *some* use or threatened use of force, we agree . . . that the 'use of a dangerous weapon to put the victim's life in jeopardy transforms the force into violent physical force.'" *Id.* at 181 & n.12 (citation omitted). The Fourth Circuit concluded that because "the aggravated offense in the second clause of § 2214(a) . . . which requires that the defendant wound or put the victim's life in jeopardy by use of a dangerous weapon during the commission of the basic offense, is categorically a crime of violence under the force clause of § 914(c)(3)(A)." *Id.* at 182.

In *United States v. Said*, 26 F.4th 653 (4th Cir. 2022), the Fourth Circuit again "assume[d]" that "§ 111(b), may be a proper predicate offense for a § 924(c) conviction and that "[o]ur sister circuits agree that it is." *Id.* at 659 & n.10.

10

held that assaulting a federal officer under 18 U.S.C. § 111(b) is categorically a crime of violence under § 924(c).[5]

Thus, the Court concludes, consistent with the great weight of authority, that assaulting a federal officer with a dangerous weapon remains a valid crime of violence. Therefore, Hamrick's conviction for Count Five remains valid because it was predicated on the assault of a federal officer by use of deadly or dangerous weapon charged in Count Two. *See Crawley*, 2 F.4th at 263. Accordingly, Hamrick's contention that *Davis* invalidated his conviction and sentence for Count Five lacks merit and will be dismissed.

## III. CONCLUSION

The § 2255 Motion (ECF No. 10) will be denied. A certificate of appealability will be denied. The action will be dismissed.

---

[5] *See United States v. Quaglin*, 851 F. App'x 218, 218–19 (D.C. Cir. 2021) (citations omitted) ("Appellant is charged with violating 18 U.S.C. § 111(b)—an offense that is categorically a crime of violence."); *Gray v. United States*, 980 F.3d 264, 265–66 (2d Cir. 2020) ("[U]sing such a weapon and inflicting bodily injury independently satisfy the physical force requirement of § 924(c)(3)(A)"); *United States v. Simmons*, 817 F. App'x 460, 461 (9th Cir. 2020) (citing *United States v. Juvenile Female*, 566 F.3d 943, 947 (9th Cir. 2009)); *United States v. Bates*, 960 F.3d 1278, 1285 (11th Cir. 2020); *United States v. Taylor*, 848 F.3d 476, 496 (1st Cir. 2017); *United States v. Rafidi*, 829 F.3d 437, 445–46 (6th Cir. 2016); *cf. United States v. Bullock*, 970 F.3d 210, 213 (3d Cir. 2020) (finding § 111(b) categorically a crime of violence under the career offender provisions of the United States Sentencing Guidelines); *United States v. Kendall*, 876 F.3d 1264, 1269 (10th Cir. 2017) (same); *United States v. Hernandez-Hernandez*, 817 F.3d 207, 215 (5th Cir. 2016) (finding § 111(b) categorically a crime of violence under Sentencing Guideline § 2L1.2).

Because a violation of § 111(b) requires more violent conduct than if Hamrick had only been charged with a violation of § 111(a)(1) alone, the Court need only focus on whether § 111(b) is a crime of violence. *See Gray*, 980 F.3d at 266. Because the Court concludes that it is, the Court need not examine whether § 111(a)(1) constitutes a crime of violence for the purposes of this opinion.

An appropriate Order shall accompany this Memorandum Opinion.

                                                 /s/
                                Henry E. Hudson

Date: June 15, 2023      Senior United States District Judge
Richmond, Virginia

12